UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>DARREN McQUEEN,<br><br>      Defendant. | No. 2:14-CR-031-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING |

A sentencing hearing was held on July 21, 2014. Defendant was present, in custody, and represented by Federal Defender Andrea George. Assistant United States Attorney James Goeke appeared for the Government. The court heard from counsel and the Defendant and imposed sentence. This Memorandum Opinion memorializes and supplements the court's oral rulings.

**I. Introduction/Procedural History**

Defendant was indicted by the grand jury and charged with six counts of violation of 21 U.S.C. 841(a)(1) on February 20, 2014. (ECF No. 9). The Indictment charged that between July 30, 2013, and January 30, 2014, Defendant knowingly and intentionally distributed oxycodone hydrochloride on six separate occasions. Defendant entered a plea of guilty to Count I of the Indictment on April 1, 2014. The plea was entered pursuant to a 11(c)(1)(C) Plea Agreement. The court accepted the plea, but reserved ruling on acceptance or rejection of the Plea Agreement pending review of the Presentence Report (PSR).

ORDER - 1

After reviewing the initial PSR, the court issued an Order setting a hearing, setting deadlines for objection to the PSR, and noting that the PSR calculated a Guidelines range of 151 to 188 months, while the Plea Agreement was to an agreed range of 50 to 70 months. (ECF No. 32). Objections to the PSR were filed (ECF No. 36, 47), but only as to the PSR determination that the Defendant was a Career Offender under § 4B1.1 of the United States Sentencing Guidelines (USSG) and denial of the commission of the 01/25/1993 Bank Robbery charge and denial of the 11/09/1994 Murder charge that resulted in a jury acquittal (at ¶¶ 99-102 of PSR). The Defendant did not deny the ongoing 2013-2014 drug dealing described in the Offense Conduct portion of the PSR and, in fact, admitted thereto.

A hearing was held on July 2, 2014, at which the court rejected the Plea Agreement. The court continued the hearing to July 7, 2014, to allow the Defendant additional time to decide if he wanted to withdraw his plea of guilty, or proceed with sentencing. Defendant chose to stand by his guilty plea, and proceed with sentencing which was set for July 21, 2014.

## II. Offense Level

The Presentence Investigation Report ("PSR") calculated the adjusted offense level as a 23, absent application of an enhancement under USSG § 4B1.1 for being a career offender. The parties agreed with the calculation of 23. The Government asked that the offense level be reduced 2-levels by virtue of recent Department of Justice policy to proactively seek a 2-level reduction in accord with a proposed amendment to the drug quantity tables in § 2D1.1(c). The court is aware that on July 18, 2014, the United States Sentencing Commission voted unanimously to apply this amendment retroactively. Thus, although the proper offense level at this time is technically 23, the court effectively considered it to be 21.

## III. Criminal History

The PSR calculated Defendant's initial criminal history as a Category IV, but by

ORDER - 2

application of the Career Offender Guideline, his Criminal History became Category VI. A contested issue in this case, on which the court directed briefing, was whether Defendant Darren McQueen (hereafter "McQueen" or "Defendant") was a Career Offender under Section 4B1.1 of the Guidelines. Specifically, the question was whether the 1999 Conspiracy to Deliver a Controlled Substance conviction set forth in Paragraph 78 of the Presentence Investigation Report counts as a predicate offense. A defendant is a Career Offender if the instant offense is a felony crime of violence or controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense. USSG § 4B1.1(a).

McQueen's instant offense qualifies as a controlled substance offense. The parties agreed that McQueen's 2006 conviction for First Degree Robbery-Deadly Weapon is a prior felony conviction for a crime of violence and qualifies as a predicate offense. Both the Government and McQueen argued that the controlled substance offense in Paragraph 78 is not a qualifying predicate offense. The PSR, prepared by the United States Probation Office, concluded that the controlled substance offense in Paragraph 78 is a predicate offense. Counsel for McQueen argued that the 1999 drug conviction does not receive points under § 4A1.1(a)-(c) and is not a predicate. Additionally, Defendant argued that the 1999 drug conviction is too old to count. The Government agreed: "based on the age of the drug conviction, the drug offense alone would not be separately cognizable under USSG § 4A1.1(a), (b), or (c) and the Defendant's 3 points under USSG 4A1.1(a) regarding the two 1999 convictions results solely from the Defendant's concurrent firearms conviction." Both Defendant and the Government argued that the analysis in *King v. United States*, 595 F.3d 844 (8th Cir. 2010) is the more persuasive authority and should be followed.

In *King*, the Eighth Circuit Court of Appeals addressed the interplay between the so-called "guideline grouping rule" of 4A1.2(a)(2), and the Career Offender provisions concerning predicate offenses. The Eighth Circuit stated that "to qualify as a prior felony

ORDER - 3

for career offender purposes, the felony must receive criminal history points" under 4A1.1. *Id*. at 848.  King argued that each of his potential predicate offenses "was in a group of related offenses which had been sentenced together," and that the criminal history point received could not be attributed to a qualifying predicate offense.  The Eighth Circuit found King's reading of the Guidelines to be a "plausible" interpretation and accepted the "proposition that a potential career offender predicate can be subsumed within a group of convictions which includes a nonpredicate offense that received a longer sentence and therefore earned the designated criminal history point." *Id*. at 850.

Paragraph 78 of the PSR describes two convictions, neither of which, when considered individually is a predicate offense.  The First Degree Possession of a Firearm charge received a 36-month sentence.  This is not a "crime of violence" for purposes of Career Offender determination. See Application Notes to 4B1.2 ("Crime of violence" does not include the offense of unlawful possession of a firearm by a felon).  The Conspiracy to Deliver a Controlled Substance conviction (hereafter the "drug conviction") is a controlled substance offense for purposes of Career Offender determination. However, that drug conviction, considered individually, would not count because of the duration of the sentence (12 months) and the age of the sentence. Defendant was sentenced to 12-months on the drug conviction in October of 1999. Defendant would have completed service of this sentence in 2000, thirteen years prior to the instant offense.  Prior sentences that are imposed within ten years of commencement of the instant offense are counted, regardless of duration of sentence. USSG 4A1.2(e)(2). Prior sentences imposed within 15 years are counted if the sentence exceeded one year and one month.  Thus, McQueen's thirteen year old drug conviction with a 12-month sentence does not count when considered individually.

USSG 4A1.2(a)(2) states that multiple prior sentences are counted as a "single sentence" if they result from offenses contained in the same charging document, are sentenced on the same day, and there was no intervening arrest between the offense

ORDER - 4

conduct. "If prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed," for purposes of assigning criminal history points. USSG 4A1.2(a)(2). The two convictions in Paragraph 78 received 3 points because the sentence for unlawful possession of a firearm received a sentence of 36 months. The PSR concluded that the drug conviction did "count" as it was part of the "single sentence" that received three points and was a predicate offense.

The PSR conclusion does not appear consistent with the Eighth Circuit's analysis in *King*, or the Third Circuit's in an unpublished decision, *United States v. Santiago*, 387 Fed.Appx. 223 (3rd Cir. 2010). In *Santiago*, the issue was a prior controlled substance offense that was grouped with an escape charge and sentenced at the same time. The Third Circuit stated: "In order to increase Santiago's sentence based on a prior crime of violence or controlled substance offense, the sentencing court can use only those felony convictions that receive criminal history points." *Id.* at 227. The Third Circuit acknowledged that the two sentences were considered a "single sentence" under 4A1.2(a)(2). The Circuit stated: "The PSR assigned 3 points to the escape crime, which is the same number of points that the escape offense would have received on its own." *Id.* The Third Circuit concluded the controlled substance offense did not receive points and could not serve as the basis for a sentencing enhancement.

Similarly here, McQueen's conviction in Paragraph 78 for unlawful possession of a firearm would have received 3 points on its own. Thus, one could conclude that the drug conviction did not "count". The Third Circuit in *Santiago* acknowledged that the district court on remand could consider whether treating the two sentences as a single sentence underrepresented defendant's criminal history such that an upward departure was warranted. 387 Fed.Appx. at 228, n. 4.

The Sixth Circuit has taken a different approach to this issue, and declined to follow *King*, saying that such an approach creates a "ridiculous" result where a Defendant evades career offender status because he actually committed more crimes. *United States*

ORDER - 5

*v. Williams*, 2014 WL 2446114 (6th Cir. 2014). However, in *Williams*, the defendant had been sentenced on three convictions at the same time, and received "identical, concurrent sentences." *Id*. at *9. Defendant therein argued that it could not be determined which of those 3 convictions received points, and it was not established that the fleeing and eluding conviction, a crime of violence, had received points. McQueen, in contrast, received a 12-month sentence on the drug conviction, and a 36-month term on the firearm charge. Therefore it can be determined that the firearm charge resulted in the 3 points. The firearm conviction does not allow McQueen to "evade" career offender status, because the 1999 drug conviction, standing alone, would not serve as a predicate due to its age and the 12-month sentence imposed.

The court found that Defendant is not technically a Career Offender under application of § 4B1.1 of the Sentencing Guidelines. However, the court found that a criminal history IV substantially underrepresents the seriousness of the Defendant's criminal history. The court read into the record from the PSR nearly the entirety of Defendant's prior convictions and arrests. That detailed history will not be repeated here. In summary, the PSR establishes that the Defendant, now 44 years of age, has been engaged in ongoing and continuous criminal activity since the age of 15 when he was first convicted of unlawful sale of controlled substances. By the age of 17, Defendant had three convictions pertaining to crack cocaine distribution and was sentenced to 7 years and 4 months in custody. Upon turning age 18, Defendant was convicted of possession of a controlled substance occurring prior to his 7 year sentence and sentenced to 9 months in jail. At age 21, Defendant was convicted of second-degree robbery for robbing a pedestrian at gunpoint. None of these convictions received criminal history points, either because they were juvenile convictions or due to the age of the conviction.

In 1994, at age 24, Defendant was convicted of Possession of Cocaine for Sale in Superior Court of Los Angeles, California. (PSR ¶ 62). He apparently completed his prison sentence on January 5, 1998, however both the parties and Probation Office

ORDER - 6

expressed some uncertainty as to the exact date of completion. In briefing Defendant "extrapolated" that the sentence was completed by June 1998, and the Government stated it appeared the sentence was finished by June or July 1998. This extrapolation was based on the fact that Defendant was being sentenced for another crime on June 18, 1998. (PSR ¶ 66). The parties agree that the offense conduct in this case occurred in July 2013, and thus Defendant's 1994 drug conviction, for which he completed his term sometime between January and June of 1998, is too old to count for criminal history points by only 1 to 6 months. If the 1994 conviction had counted, it would have served as a predicate offense for Career Offender purposes.

At ages 27 and 28, Defendant was convicted of marijuana possession, driving with a suspended license (twice), and obstructing a police officer. None of those convictions counted for criminal history points herein. In 1999, at age 29, the two drug and gun convictions from Paragraph 78 of the PSR that are discussed extensively above occurred. After completing his sentence for those convictions in 2003, Defendant was convicted of driving under the influence in early-2004. In 2006, at age 36, Defendant committed first-degree robbery with a deadly weapon. This serious and violent assaultive offense is described in ¶s 84-86 of the PSR. The offense conduct in that case involved a drug debt. Defendant was released from custody on those charges in November 2009. In early-2013, he was convicted of reckless driving.

The Offense Conduct portion of the PSR establishes that the Defendant was currently engaged in ongoing illegal drug dealings with years of large bank deposits, one year exceeding $80,000. When arrested at Spokane International Airport on the instant changes, he was found to be in possession of a large number of illegal oxycodone pills and also a large sum of cash money, exceeding $13,000.00. Defendant's criminal history demonstrates lifelong and continuous involvement in the drug trade, and the frequent use of firearms and violence. In addition to the convictions detailed above, Defendant was arrested on other drug charges that were dismissed in 1992, 1997, and 1999 (See PSR

ORDER - 7

Paragraphs 95, 103, and 105). No objections to the offense conduct descriptions of these dismissed charges were filed. The 1992 incident involved Defendant being a passenger in a vehicle that was stopped and crack cocaine and a firearm were found. (PSR ¶ 96). In the 1997 incident, Defendant was driving a vehicle that was stopped for a traffic violation and cocaine and heroin were found in the vehicle. (PSR ¶ 104). Defendant was also acquitted on a murder charge in Los Angeles County in 1995. As Defendant was acquitted by a jury on that charge, the court has not utilized that charge in determining that his criminal history is underrepresented.

The court did not consider prior arrests for purposes of upward departure under USSG § 4A1.3, but did consider them as part of the history and characteristics of the Defendant under 18 U.S.C. §3553(a). 18 U.S.C. §3661 provides that "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted or any offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." See also *U. S. v. Christensen*, 732 F. 3d 1094, 1104 n.2 (9th Cir. 2013). At sentencing herein counsel for the Defendant asked the court to state if the court was making a "variance" or "departure" in determining the appropriate sentence. The court responded that it was making a "finding" as to Defendant's true criminal history. The court calculated the Guidelines, considered the § 3553(a) factors, and imposed a sentence that was sufficient but not greater than necessary. Whether the increase above the Guideline range is considered a departure or variance is not that consequential, and in this case both an upward departure for inadequacy of criminal history and variance based on consideration of the § 3553(a) factors was applied. As the Ninth Circuit has held, "the scheme of downward and upward departures are essentially replaced by the requirement that judges impose a reasonable sentence." *U. S. v. Vasquez-Cruz*, 692 F. 3d 1001, 1005 (2012); *U. S. v. Evans-Martinez*, 611 F. 3d 635, 643 (9th Cir. 2010).

The court concludes that although Defendant is not technically a Career Offender

ORDER - 8

as provided in paragraph §4B1.1, he is in reality and in fact a career offender. Had the court found that Defendant was a Career Offender under § 4B1.1, as set forth in PSR, his Guideline range would have been 151 to 188 months. The court finds his true criminal history is a Category VI, and finds the adjusted offense level is 23, but is effectively a 21. This results in a Guideline range of 77 to 96 months.

### IV. 3553(a) Factors

The court has considered the 3553(a) factors. The court has considered the nature and circumstances of this offense. The relevant conduct involved ongoing controlled buys from the Defendant over a period of months involving hundreds of oxycodone pills. The court has given extensive and careful consideration to the Defendant's criminal history. The court has considered the need for the sentence to reflect the seriousness of the offense and to provide adequate deterrence. Prior prison sentences have not deterred the Defendant from continuing a life of drug dealing replete with assaultive behavior and use and possession of firearms. The court has considered the need to protect the public from further crimes of this Defendant, given his lengthy history involving illegal drugs, guns, and gangs. The Defendant's ongoing criminal history is among the most serious this court has seen in its time as a prosecutor, defense attorney, and judge. The court finds that pursuant to 18 U.S.C. § 3553(a), and in particular (a)(2), incarceration of the Defendant for an extended period of time is appropriate as punishment and deterrence, but is specifically needed to protect the public from further crimes of the Defendant.

### V. Conclusion

At a true criminal history Category VI, and an effective offense level of 21, the Guideline Range is 77 to 96 months. The statutory maximum sentence is 240 months. The court has determined that the appropriate sentence, which is sufficient but not greater than necessary, is 180-months.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to

ORDER - 9

counsel.

Dated this 28th day of July, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10