UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ) <br> DARREN McQUEEN, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 2:14-CR-031-JLQ <br><br> ORDER DENYING MOTION <br> FOR DISCOVERY |

   BEFORE THE COURT is Defendant's *pro se* "Motion for Discovery for Post Conviction Relief" (ECF No. 77) filed on July 15, 2016. Defendant seeks discovery to use in support of a motion pursuant to 28 U.S.C. § 2255, but the instant Motion is not a § 2255 petition. Defendant states that he has requested documents from his trial counsel, the Federal Defenders of Eastern Washington and Idaho, but has not received the requested documents. Defendant states that he is "preparing to file a Petition for Habeas Corpus under 28 U.S.C. § 2255", but the Motion gives no indication of the asserted basis for relief under § 2255.

   "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, district courts have the power to allow discovery in a § 2255 proceeding. Rule 6 of the Rule Governing Section 2255 proceedings provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in a accordance with the practices and principals of

ORDER - 1

law." The court cannot make the "good cause" evaluation where Defendant has not asserted any basis for his anticipated § 2255 petition.

The Ninth Circuit Court of Appeals has stated, in evaluating a § 2254 petition, that "pre-petition discovery is impermissible". *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996). The court explained: "a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery." *Id.* The same is true in a § 2255 proceeding, as Rule 6 of both the Rules Governing 2255 proceedings and Rules Governing 2254 proceedings are nearly identical and employ a "good cause" standard. The Court of Appeals further instructed that trial courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Id.*

**IT IS HEREBY ORDERED**:

1. Defendant's Motion for Discovery (ECF No. 77) is **DENIED**.

2. If Defendant chooses to file a § 2255 Petition, he may renew his request for discovery at that time.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel and to Mr. McQueen.

Dated this 4th day of August, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2