UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>    vs.<br><br>DARREN McQUEEN,<br><br>                     Defendant. | No. 2:14-CR-031-JLQ<br><br>ORDER DENYING MOTION TO VACATE SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY |

BEFORE THE COURT is Defendant's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 79) filed September 2, 2016. Defendant has also filed a Memorandum in Support (ECF No. 80), and a Motion for Appointment of Counsel (ECF No. 81). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court has conducted a preliminary review of the Motion. The court has determined that it plainly appears from the Motion, attached exhibits, and the record of the proceedings that Defendant is not entitled to relief. Accordingly, the court will not direct the Government to respond, and denies the Motion.

**I. Background**

Defendant pled guilty to one count of distribution of oxycodone hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The court sentenced Defendant to a term of imprisonment of 180-months. Defendant was represented by Federal Defender

ORDER - 1

Andrea George at sentencing, and the parties briefed and argued a contested issue concerning whether Defendant's criminal history qualified him as a Career Offender under United States Sentencing Guideline ("USSG") § 4B1.1. The court ultimately concluded Defendant was not a Career Offender as provided in § 4B1.1. The court calculated Defendant's Guideline range without the Career Offender enhancement to be 77 to 96 months. The court gave extensive consideration to Defendant's criminal history and to the 3553(a) factors and determined that the appropriate sentence, which was sufficient but not greater than necessary, was 180-months.

Defendant pursued a direct appeal of the sentence, which challenged the procedural calculation of the Guideline range, and the substantive reasonableness of the sentence. Defendant was represented by counsel on appeal, and the Ninth Circuit Court of Appeals heard oral argument on his appeal. On September 22, 2015, the Ninth Circuit issued its opinion affirming the sentence. The Court of Appeals found no procedural error and found the sentence was substantively reasonable. (Slip Op. at ECF No. 75). Defendant filed a petition for writ of certiorari with the Supreme Court, and on February 29, 2016, the petition was denied. The instant Motion is timely.

**II. Discussion**

Defendant's Motion to Vacate raises issues almost identical to those raised on direct appeal. The Memorandum in support (ECF No. 80), appears to copy portions of Defendant's appellate brief verbatim. See Ninth Circuit case #14-30158, Dkt Entry 6. The Memorandum also cites to the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Defendant lists as an issue whether the court's "enhancement based upon defendant's criminal history ... should be reviewed based upon the Supreme Court's recent decision in *Johnson*". (ECF No. 80, p. 3). The Memorandum contains several brief citations to *Johnson*, but includes no explanation how *Johnson* entitles Defendant to relief.

ORDER - 2

It may be Defendant intends to argue *Johnson* should be applied to the Sentencing Guidelines. The issue of whether *Johnson* applies to invalidate the residual clause of USSG 4B1.2(a) is currently before the Supreme Court in *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016). Even if the Supreme Court concludes in *Beckles* that *Johnson* does apply to 4B1.2(a), it would not entitle Defendant to relief. This court did not find that Defendant was a Career Offender under 4B1.1. This court did not rely on the residual clause of 4B1.2(a)(2). The court resolved the Career Offender issue in Defendant's favor. The court gave a detailed explanation for the sentence imposed and issued a Memorandum Opinion (ECF No. 56). The sentence was affirmed as substantively reasonable.

The court, may in its discretion under 28 U.S.C. § 2255(g), appoint counsel. Defendant has not articulated a colorable basis for relief, and the court does not find the interests of justice merit appointment of counsel. Defendant's Motion demonstrates no basis for relief.

**IT IS HEREBY ORDERED**:

    1. Defendant's Motion for Appointment of Counsel (ECF No. 81) is **DENIED**.

    2. Defendant's Motion to Vacate Sentence (ECF No. 79) is **DENIED**.

    3. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right, and the certificate must indicate which specific issue or issues satisfy the showing. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A "substantial showing" includes demonstrating reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Id.* at 483-84. Defendant has not made such showing and the court **DENIES** a certificate of appealability.

ORDER - 3

1     **IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies to
2  counsel of record and to Mr. McQueen.
3     Dated this 15th day of September, 2016.

         s/ Justin L. Quackenbush
         JUSTIN L. QUACKENBUSH
         SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4