FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  -vs-<br><br>DARREN McQUEEN,<br><br>               Defendant. | No.   2:14-CR-0031-WFN-1<br><br>ORDER REDUCING SENTENCE |

      Pending before the Court is Defendant's Motion to Reduce Sentence. ECF No. 89. Defendant has exhausted his claim with the Bureau of Prisons [BOP]. Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction. Defendant has exhausted his claim. The Government has not objected to Defendant's motions.

      Defendant has demonstrated compelling reasons warranting a sentence reduction based on the legal issues surrounding sentencing and to a lesser extent his health. Defendant presents extraordinary circumstances related to his original sentence. In the Rule 11(c)(1)(C) agreement, the parties reached an agreed recommended based in part on a base level of 21 and criminal history of V resulting in a guideline range of 70 – 87 months. The parties agreed on and recommended a sentence of incarceration of 50 - 70 months. Judge Quackenbush rejected the parties agreed recommendation instead finding Defendant qualified as a career

ORDER - 1

offender sentencing him to 180 months incarceration. Defendant's projected release date is December 1, 2026. He has served almost seven years. This exceeds the high end of the parties' recommended sentencing range in the Rule 11(c)(1)(C) plea agreement. Had Defendant been sentenced today, he likely would face a lower guideline range than the sentence imposed due to changes in the law and application of the career offender guidelines.

Though not dispositive to the motion, Defendant also suffers from health issues that increase his risk of serious illness and death if he contracts COVID-19. He is medically obese which is known to increase risk of serious illness and death if he contracts COVID-19. He is African American which also statistically results in higher hospitalization and death rates related to COVID-19. Additionally, Defendant is in his fifties which also increases his risk of serious illness were he to contract COVID-19. The weight of evidence demonstrates that he faces an increased chance of serious illness and death if he contracts COVID-19.

Defendant is no longer a danger to the safety of any other person or the community. Though he has a serious and concerning criminal history, he has served his time without infraction earning his way to a minimum-security prison. He has no weapons related or assaultive charges in the last 15 years. He reports he has strong family support and a release plan. Consequently, the Court concludes that Defendant has presented compelling reasons for a modification of his sentence. The Court has reviewed the file and motions and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Reduce Sentence, filed July 6, 2020, **ECF No. 89**, is **GRANTED**.

2. Defendant's term of imprisonment is reduced to **time served**.

3. This Order is **STAYED for up to fourteen days**, for the verification of Defendant's residence and release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. The Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are

ORDER - 2

made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

    4. Defendant must provide the complete address where Defendant will reside upon release to the probation office in the district where he will be released.

    5. Defendant's previously imposed conditions of supervised release are unchanged.

    6. An amended judgment will be entered following expiration of the stay.

    7. Other than Defendant's term of imprisonment, all other terms of the original Judgment, filed August 1, 2014, **ECF No. 59**, **REMAIN** as previously ordered.

    8. Defendant's Motion Requesting Status of Motion for Compassionate Release. . . , filed June 17, 2021, **ECF No. 97**, is **DENIED AS MOOT**.

    9. Defendant's Motion for Leave of the Court to File Supplement to Motion Pursuant to §3582, filed September 16, 2021, **ECF No. 98**, is **GRANTED**. The Court considered the supplemental filing.

    The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Officer Shane Moore.

    **DATED** this 5th day of January, 2022.

                              WM. FREMMING NIELSEN
                                SENIOR UNITED STATES DISTRICT JUDGE

01-04-22

ORDER - 3